## McGHEE v. MILBURN et al.

No. 10562—Opinion Filed Jan. 31, 1922.

(Syllabus.)

1. **Action — Misjoinder of Causes of Action and Parties.**

Where the petition filed in an action states only one cause of action, but contains allegations sufficient to authorize a recovery against the defendants upon a joint or common liability under section 4738, Revised Laws 1910, it is reversible error for the trial court to sustain a demurrer to such petition on the ground of misjoinder of causes of action or parties defendant.

2. **Same—Action on Bank Check.**

Record in the cause examined, and held, that the petition only states one cause of action, and that the trial court committed reversible error in sustaining the separate demurrers of the defendants.

Error from District Court, Choctaw County; C. E. Dudley, Judge.

Action by Q. P. McGhee against H. R. Milburn and another on bank check. Judgment for defendants, and plaintiff brings error. Reversed and remanded, with directions to grant a new trial.

I. L. Strange, for plaintiff in error.

J. M. Willis, for defendant in error Exchange National Bank.

A. M. Works, for defendant in error H. R. Milburn.

KENNAMER, J. Q. P. McGhee commenced this action in the district court of Choctaw county on March 6, 1918, against H. R. Milburn and the Exchange National Bank of Ardmore to recover the sum of $500. The petition of the plaintiff is in words as follows:

"The plaintiff, Q. P. McGhee, complains of the defendants, H. R. Milburn and Exchange National Bank of Ardmore, Okla., and for cause of action against said defendants alleges and states:

"1. That the defendant, H. R. Milburn, is a resident of Choctaw county, Okla., and that defendant, Exchange National Bank of Ardmore, is a corporation organized and existing under the laws of the United States and doing business as bankers in the city of Ardmore, Carter county, Okla.

"2. That on the 8th day of November, 1917, the defendant, H. R. Milburn, for a valuable consideration, executed, signed and delivered to plaintiff, Q. P. McGhee, his check on Exchange National Bank of Ardmore, Okla., for $500, payable to the order of said Q. P. McGhee, a copy of which check with indorsements thereon is hereto attached, marked 'Exhibit A' and made a part hereof.

"3. That on the same date said check was indorsed by the said Q. P. McGhee and delivered to the First National Bank of Miami, Okla., as agent of said Q. P. McGhee, for collection in due course of business; that thereafter the said H. R. Milburn, without any right or authority so to do, stopped the payment of said check, to the damage of plaintiff in the sum of $500.

"4. That upon the indorsement and delivery, of said check by plaintiff to the First National Bank of Miami, Okla., for collection as aforesaid, said bank in the due course of business and within a reasonable time, and before payment on said check had been stopped by the defendant, H. R. Milburn, presented said check to the Exchange National Bank of Ardmore, Okla., for payment; that said Exchange National Bank of Ardmore accepted said check on or about the 10th day of November, 1917, and marked the same paid; that by reason of its acceptance and payment of said check it became liable and bound to pay to the plaintiff the sum of $500, but that said bank has failed and refused and still fails and refuses to pay over to said plaintiff the amount of said check, to plaintiff's damage in the sum of $500.

"5. That on the 15th day of November, 1917, said check was protested for nonpayment and the cost of protecting. the same was $1.53.

"6. That plaintiff is the legal and equitable holder of said check and is entitled to recover payment on the same; that no part of said check has been paid to plaintiff and there is now due thereon to plaintiff from the above named defendants the sum of $500, with interest thereon at the rate of six per cent. per annum from November 8, 1917, and the further sum of $1.53, with interest thereon from the 15th day of November, 1917, at the rate of six per cent. per annum.

"Wherefore plaintiff prays for judgment against the defendants, H. R. Milburn and Exchange National Bank of Ardmore, Oklahoma, and against each of them jointly and severally for the sum of $500 and interest at the rate of six per cent. per annum from the 8th day of November, 1917, until paid and for the further sum of $1.53, with interest thereon from the 15th day of November, 1917, until paid, and for all of his costs herein laid out and expended and for all other proper relief.

"Strange & Bozarth,
"Attorneys for Plaintiff."

The defendant H.R. Milburn filed separate demurrer to the petition on the ground of misjoinder of causes of action. The defendant Exchange National Bank of Ardmore filed demurrer on the ground that the court had no jurisdiction of the defendant and of the subject-matter of the action.

On the 22nd day of January, 1919, the court sustained the demurrers of the defendants, to which action of the court the plaintiff excepted, refused to plead further, and elected to stand upon his petition as drawn. This appeal is prosecuted by the plaintiff to reverse the judgment of the trial court sustaining the demurrers of the defendants.

Two assignments of error are presented and argued in the brief of the plaintiff in error:

"First. The court erred in sustaining the demurrer of the defendant, H. R. Milburn.

"Second. The court erred in sustaining the separate demurrer of the defendant Exchange National Bank of Ardmore."

Counsel for the plaintiff relies solely for reversal of the judgment upon section 4738, Revised Laws 1910, which is as follows:

"The plaintiff may unite several causes of action in the same petition, whether they be such as have heretofore been denominated legal or equitable, or both, where they all arise out of any one of the following classes: First. The same transaction, or transactions, connected with the same subject of action. * * * But the causes of action so united must all belong to one of these classes, and must affect all the parties to the action, except in actions to enforce mortgages or other liens."

Upon an examination of the record in this cause we concur in the contention of the plaintiff in error that under the statute, supra, the plaintiff had a right to bring this action and join both parties, Milburn and the bank, as defendants. It is obvious that there was no misjoinder of causes of action. The plaintiff had only one cause of action, and under the facts pleaded in the petition the defendants were jointly liable to him for the sum of $500. His petition stated a cause of action for the recovery of $500, for which both defendants under the facts as pleaded in the petition were jointly liable.

It may be true that on the trial of the cause such facts will develop from the evidence as will relieve one or both of the defendants from liability or show that

only one of the defendants is liable, but the petition states facts which, if true, give the plaintiff a cause of action against both defendants by reason of their joint liability to him to pay him the sum of $500. This court, in the case of Stone v. Case, 34 Okla. 5, 124 Pac. 960, held:

"In section 5623 of the statute (Comp. Laws 1909), which provides that several causes of action may be united in the same petition, where they arise out of the same transaction, or transactions connected with the same subject of action, the term 'cause of action' means a redressible wrong. Its elements being the wrong and the relief provided. The 'subject of action' is a primary right and its infringement. The term 'transaction' is used in the first clause with reference to, and expressive of, all the acts or groups of related acts, which go to make up one entire project, system, or deal, referred to as a 'transaction,' and in the latter clause it is used to include and encompass only such acts, or groups of acts, as in themselves constitute separate, redressible wrongs; and such wrongs (transactions) are connected with the same 'subject of action' whenever they affect, grow out of, or constitute separate infringements of, the same primary right."

Applying the rule announced in Stone v. Case, supra, to the instant case, the redressible wrong for which the plaintiff is asking relief is the nonpayment of the check, and under the facts as pleaded in the petition both parties are jointly liable to the plaintiff for the sum of money due on the check. The payment of the check by either party would leave the plaintiff without a cause of action. The infringement of the primary right of the plaintiff was the nonpayment of the check, or the failure of the plaintiff to receive the money due him upon the check. If the defendant bank accepted the check and without a valid excuse failed to remit the money to the plaintiff, it is liable to the plaintiff and would be jointly liable with the defendant Milburn for the amount of money due the plaintiff on the check.

Counsel for defendants make the following statement in their brief:

"The right of action against the bank, if any, grew out of the so-called 'acceptance' of the check and marking the same 'paid' and then refusing to remit the money to the bank in Miami. The defendant, Milburn, was not concerned in this cause of action."

This argument is unsound, for the reason the defendant Milburn was concerned in whether the bank paid the check. Its payment must be charged against his account in the bank. Unquestionably he would be interested in the payment or nonpayment of his check. It will be a matter of proof as to whether Milburn caused the bank to refuse payment of the check or to remit the money after having accepted the check. The Supreme Court of Washington, in the case of Hexter et al. v. Crown Woolen Company et al. 163 Pac. 774, held:

"The fact that other defendants were brought in and sought to be held on a theory that would make them jointly liable, although the trial court held to the contrary on the facts, did not constitute a misjoinder of causes of action or the joinder of improper defendants, since a complaint is to be judged by the facts pleaded, and not by the result obtained."

In 1 Corpus Juris, 1098, the rule authorizing the joinder of several defendants to an action is stated as follows:

"As a general rule, in order to authorize a joinder. the causes must affect the different defendants in such manner as to create a joint or common liability. * * *"

We conclude the petition in this cause stated but a single cause of action. The allegations pleaded are sufficient to authorize a recovery against both defendants for a joint or common liability. It is true that the defendant bank is not an indispensable party to maintenance of the action against the defendant Milburn, nor is the defendant Milburn an indispensable party to maintenance of the action against the defendant bank, but under the statute both parties are permissible or proper parties.

The judgment of the trial court is reversed, with directions to overrule the demurrers of the defendants.

PITCHFORD, V. C. J., and JOHNSON, McNEILL, MILLER, ELTING, and NICHOLSON, JJ., concur.