### NYE, Guardian, v. PRAIRIE OIL & GAS CO. et al.

No. 12413—Opinion Filed Jan. 29, 1924.

Rehearing Denied. Dec. 23, 1924.

**1. Judgment — Res Judicata — Matters Concluded.**

A judgment rendered by court of competent jurisdiction on the merits is a bar to any future suit between the same parties or their privies, on the same cause of action, so long as the judgment remains unreversed. This is true because the cause of action and all defenses made or which might have been made are merged in the judgment.

**2. Same—Res Judicata — Merits — Validity of Conveyance of Indian Land.**

Plaintiff, as guardian of incompetent full-blood Indian, filed this suit to cancel conveyances of real estate, executed by ward prior to guardianship, to recover possession and for accounting of petroleum production on ground of invalidity of approval of such deeds, fraud, and the like.

Defendants pleaded that the United States, under act of Congress had previously filed suit on behalf of ward, prior to guardianship, in the federal court, attacking the execution and approval of the same deeds. Such suit did not include all the grounds of fraud and other matters in the instant suit.

Plaintiff admitted that said suit was filed in said federal court, as alleged; that decree was rendered for defendants and had become final. Therein it was decreed that such deeds were properly executed and approved, and therefore valid, and that there was no sufficient allegation of fraud or the like. Held, that such decree in the federal court was upon the merits of the controversy.

**3. Same—Res Judicata—Same Parties and Their Privies.**

Under syllabus 2 above, the plaintiff in the federal suit, being the ward of the United States, is the same person as the ward of plaintiff in the instant suit under the state law. Some of the defendants in the instant suit were not defendants in the federal suit.

All defendants in the instant suit were either defendants in the federal suit or acquired their interests in the land in controversy after said federal suit was brought, or after the decree therein was rendered. Held, that the parties or their privies, are the same in both suits. Held further, that such parties defendant in the instant suit as were not parties defendant in the federal suit are privies to the decree in said federal suit.

**4. Same—Res Judicata—Same Cause of Action.**

In both suits, plaintiff asserted the primary right to have unmolested title and possession of such lands, including the income thereof. In both suits, plaintiff asserted the delict, or wrongful act, of defendants was deprivation thereof, based on such alleged invalid deeds, fraud and the like. Held that the cause of action is the same in both suits.

**5. Same—Former Judgment as Bar.**

The case in the federal court having been disposed of on the merits, the parties and the cause of action being the same as in the instant suit, and since the additional grounds of fraud and the like, alleged in the instant suit, could and should have been pleaded and adjudicated in the federal suit, held, the cause of action and every ground and item thereof in the instant suit were merged in the decree in the federal suit, and the same is a complete bar to the instant suit.

**6. Same—Decree on Motion for Judgment on Pleadings Involving Merits.**

Under the foregoing, the decree in such federal suit, although rendered on motion for judgment on the pleadings, since the merits of the controversy were involved, is res judicata in the instant case.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Creek County; C. C. Smith, Assigned Judge.

Action by Dr. Luther A. Nye, as guardian of Mollie Harjo, incompetent full-blood Indian, against the Prairie Oil & Gas Company, a corporation, and Margaret A. Keys, to cancel conveyances of real estate, recover possession thereof, and for accounting of petroleum products. On motion, based on the pleadings, judgment was for defendants, and plaintiff brings error. Affirmed.

Lewis C. Lawson, for plaintiff in error.

T. J. Flannelly, Paul B. Mason, and West. Sherman, Davidson & Moore, for defendants in error.

Opinion by ESTES, C. This suit, involving about four millions of dollars in property, was brought in 1919 by Dr. Luther A.

Nye, as guardian of Mollie Harjo, incompetent, against the Prairie Oil & Gas Company, a corporation, and Margaret A. Keys in the district court of Creek county. The pleadings being exceedingly lengthy, we give a summary thereof as brief as may be to an understanding of the issues. Mollie Harjo, ward, inherited the Creek allotment of her son, Sam Lucas, who died in October, 1902, and as his sole heir, prior to guardianship, executed the following: A deed March 29, 1912, to John W. Carter, and a deed April 24, 1913, to J. B. Turner, which deeds were fully approved by the county court of Hughes county. The title conveyed by these deeds is now vested, by mesne conveyances, in the Prairie Oil & Gas Company and Margaret A. Keys, as shown by the plaintiff's petition. Large quantities of oil have been and are now being taken from the land. In the petition, it is averred that said Mollie is still the owner of the land, entitled to have the deeds set aside as invalid, recover possession of the land, and have an accounting of the oil and gas taken from the premises. The petition of plaintiff attacks said deeds upon the following grounds:

(1) That they were not properly executed.

(2) That they were given for an inadequate consideration.

(3) That the true value of the land conveyed by the deeds was concealed from the grantor and from the court approving them.

(4) That Mollie Harjo received only a part of the consideration actually paid.

(5) That the Turner deed was not approved in open court but by the judge thereof outside of the county seat.

(6) That the county court never intended to approve the Turner deed as a conveyance of all of Mollie Harjo's interest in the land, but only to reserve the oil and gas.

(7) That Mollie Harjo was ignorant and illiterate and could neither read nor write the English language and did not know the value of the lands or understand the nature of the transaction by which they were conveyed.

(8) That Mollie Harjo never signed the Carter deed.

(9) That the deed was never delivered to Carter.

(10) That Mollie Harjo was advised that she owned only one-half interest in the land and believed that she owned only one-half interest and intended to convey only one-half interest to Carter.

The answer of defendant Margaret A. Keys adopts the answer of the Prairie Oil & Gas

Company. In the lengthy answer of said company, inter alia, it is averred that on July 11, 1916, the United States, by direction of the Attorney General and the Secretary of the Interior, filed a suit in equity in it own behalf and on behalf of plaintiff, Mollie Harjo, in the United States District Court for the Eastern District of Oklahoma, against George Black and nine other defendants, including said Prairie Oil & Gas Company; that in said suit it was sought to have set aside and held for naught the said Carter and Turner deeds. Said bill is exhibited in the answer of defendants. Therein, it is shown that said deeds were attacked upon the first seven grounds hereinbefore stated and being the first seven gounds of attack in the instant suit, prayer being also for an accounting. It is further alleged in the answer herein that the said bill was dismissed by said United States court for want of equity, and that the decree was affirmed by the United States Circuit Court of Appeals and that the same had become final by failure of the United States to appeal further. It is further averred in said answer herein that said final judgment is res judicata and a complete bar and estoppel against the cause of action alleged by plaintiff in the petition herein.

Plaintiff filed a lengthy reply to said answer. Therein, and in reply to said plea of res judicata in said fifth paragraph of said answer, it is alleged that plaintiff admits that said suit was filed in said Unitel States court as alleged in said answer; that defendants therein moved said court to dismiss said suit; that said court sustained said motion of said defendants; that an appeal therefrom was taken to the Circuit Court of Appeals of the English Circuit, and by it affirmed; that there was no appeal therefrom to the Supreme Court of the United States; but that plaintiff emphatically denies that said suit was the same or for the same purpose as the present suit; but that same was for a different purpose, on different grounds, and for different reasons that those set up and relied upon by plaintiff in this suit; that other and additional grounds of fraud are set up in this suit; that the plaintiffs are not the same and that the defendants are not the same.

Thereupon, defendants filed the following motion:

"Come now the defendants and move the court to render judgment in their favor and against the plantiff upon the pleadings in said cause. and upon the facts set forth in the fourth and fifth defenses of the amended answer of the Prairie Oil & Gas Company, adopted by the defendant Margaret A. Keys in her separate answer, and admitted by the plaintiff's reply to said answer."

The trial court sustained said motion and entered judgment in favor of defendants and against the plaintiff, quieting title to such real estate in the defendants, and enjoining plaintiff from thereafter interfering or molesting defendants in the enjoyment of the real estate. From this judgment, plaintiff in error appeals to this court. It is only necessary to determine whether the court erred in sustaining said motion and rendering said judgment. Said suit in said federal court will be referred to as the federal suit with reference to the instant suit.

1, 2. The judgment in said federal suit is a complete bar to the instant suit.

"A judgment rendered by a court of competent jurisdiction on the merits, is a bar to any future suit between the same parties, or their privies, on the same cause of action so long as the judgment remains unreversed. This is true because the cause of action and all defenses made or which might have been made are merged in the judgment". Cressler v. Brown et al., 79 Okla. 170, 192 Pac. 417. See other cases cited therein, including the leading case of Cromwell v. County of Sac, 94 U. S. 352, 24 L. Ed. 195.

Let us inquire whether in the federal suit and in the instant suit (1) the judgment in the federal suit was on the merits, (2) the parties or their privies are the same, and (3) the cause of action the same.

Said federal suit is entitled United States v. Black et al., 247 Fed. 942. Reference to said case at page 946 discloses that said Circuit Court of Appeals did pass upon the validity of both the Carter and Turner deeds in controversy herein and upheld the validity of each. In the opinion, the court says:

"We therefore. find that the Carter and Turner deeds were both properly executed, and no attack is made upon the approval of the Carter deed by the county court."

In said federal case it was further held that there was no sufficient allegation of tbie facts of fraud or the like in the bill, and that therefore the same failed to state a cause of action for equitable relief. In said suit, as in the instant case, it was contended that Mollie Harjo, by the Carter deed, intended to convey and conveyed only a half interest in the lands in controversy. The said Circuit Court in said opinion, stated:

"If the John W. Carter deed was valid, it still reserved the oil and gas upon the south 80 acres; so we turn to the question as to the validity of the approval of the

Turner deed. No argument that it was meant thereby to only convey the oil and gas can be effectual, as it was a deed absolute in form and conveyed, all the right, title, and interest of Mollie Harjo in and to the land."

· In short, the court says that since both deeds are valid, if only a half interest was conveyed by the Carter deed, all the interest of Mollie Harjo was conveyed by the Turner deed. In said federal suit it was sought to cancel said two deeds, recover possession of the real estate and compel an accounting for petroleum products taken therefrom. Such are the purposes of the instant suit. It seems, therefore, that in said federal suit, the court passed upon the merits of the instant controversy.

3. The parties, or their privies, are the same in the two suits, this being the second requirement in order that the former suit be a complete bar to the instant one. Said federal suit was brought by the United States, duly authorized thereunto by act of Congress. in its own behalf and in behalf of Mollie Harjo. This was in the exercise of its guardianship over Mollie. Harjo as its ward. The instant suit is by the duly qualified and acting guardian of said Mollie, as a ward under the state law. A trust relationship exists in each case. The person of the trustee is different, but the cestui que trustent, the real party in interest, is one and the same person. The defendant, Prairie Oil & Gas Company, in the instant suit, was a defendant in the federal suit. In the instant suit. plaintiff, by order of court, caused several other defendants in the federal suit to be made parties, and some not such defendants—all having been intervening owners of interests in the land or mineral rights in controversy. Those defendants herein not identical with defendants in the federal suit acquired their interests in said land or the mineral rights thereof after said federal suit was brought or after the decree therein was rendered, and are therefore privies to that judgment. Cressler v. Brown et al., supra; Morrissey v. Shriver et al., 88 Okla. 269, 214 Pac. 702.

4, 5. The cause of action is the same in the two suits, this being the third requirement in order that said former suit be in bar of the instant one.

"In Bliss on Code Pleading (page 2) the author says: 'As the action is a judicial proceeding for the redress or prevention of a wrong, the cause of action must necessarily be the wrong which is committed or threatened. * * *' In its legal and logical significance, a cause of action is a wrong for which a remedy is prescribed by law or afforded in equity. The delict and the remedy are the primary elements. These elements are indispensable. The wrong, per se, the act of infringement, if it be a wrong for which a remedy is afforded, constitutes the cause of action". Stone v. Case, 34 Okla. 5, 124 Pac. 960; West v. Madansky, 80 Okla. 161, 194 Pac. 441; McGhee v. Milburn et al., 85 Okla. 17, 204 Pac. 279.

In said federal suit Mollie Harjo claimed, notwithstanding said deeds, that she was the owner of said real estate; that her primary right was to have the unmolested title and posession of said lands, including the income thereof; that the invalidity of said deeds was the essential element of her cause of action; that the delict or wrongful act of defendants was such deprivation based on such alleged invalid deeds. The same primary rights, the same delict, resulting in the same deprivation of rights based on the same invalid deeds are averred by her in the instant case. Under this view of the matter, the cause of action in each case was based upon two facts—ownership of the property by the plaintiff and the wrongful withholding of possession by the defendants and their privies. By the remedy invoked, plaintiff in each case has sought to recover that of which she claims thus to have been deprived. McCandless v. Inland Acid Co. (Ga.) 42 S. E. 449; Barber Asphalt Paving Co. v. Field (Mo.) 97 S. W. 179; Wildman v. Wildman (Conn.) 41 Atl. 1; Donnell v. Wright (Mo.) 49 S. W. 874. In the latter case it is said:

"If the reasoning of counsel in support of this second attack be sound, then he would have been in a better position if he had only urged one of the vices charged against the deed in the first suit, and reserved the other five for subsequent use as occasion might demand; and thus one's cause of action might be split up indefinitely in contravention of the well settled doctrine on that subject."

Likewise in the instant case, the grounds 8, 9, and 10, being alleged vices of said deeds, or one of them, could not be reserved by plaintiff for the occasion of the instant suit and thus attempt to split the cause of action. Plaintiff could and should have pleaded all the alleged fraud and vices of such deeds in said federal suit. Her cause of action and every ground and item thereof which were adjudicated, or which could have been adjudicated, are merged in the decree of said federal suit. The error of counsel for plaintiff is in assuming that each ground of attack on the said deeds constitutes a cause of action.

Under these views it is unnecessary to discuss that branch of the rule of res judicata

whereby one is not estopped in a second suit on a different cause of action from litigating same upon question of fact not actually litigated and determined in such former action.

6. It is contended by plaintiff that the merits were not passed upon in said federal suit because a motion therein was sustained and decree rendered thereon. As we have seen, the merits were passed upon. Such motion in the federal court performs the function of demurrer in our state practice. In said federal court plaintiff's alleged ownership and the truth of such allegations could be determined on demurrer, and the same legal consequences followed from it. U. S. v. Cal. & Oregon Land Co., 192 U. S. 355. The scope of such decree must in all cases be measured not only by the allegations of the bill but by grounds of demurrer or motion on which the judgment of dismissal was based. Groblewski v. John Chemeill Co., 268 Fed. 240 (C. C. A. First Cir.) ; Hughes v. U. S., 4 Wall. 232 237: Mayor of Vicksburg v. Henson, 231 U. S. 259. The same rule obtains under the practice and procedure of this state. Kiniry v. Davis et al., 82 Okla. 211, 200 Pac. 439, 441, and cases cited.

Defendants, in the instant case, have pleaded as res judicata also a judgment dismissing with prejudice still another suit filed in the district court of Creek county by Mollie Harjo, involving said deeds. While the same does not seem to be res judicata herein, it is unnecessary to consider same or other assignments of error.

The judgment of the trial court should be and is affirmed.

By the Court: It is so ordered.