### LAWSON v. NYE, Gd'n.

No. 12689—Opinion Filed Feb. 19, 1924.

Rehearing Denied Sept. 8, 1925.

**Appeal and Error—Dismissal—Moot Questions.**

When the question presented on appeal has become moot, the appeal will be dismissed.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Okfuskee County; John L. Norman, Judge.

Action by L. A. Nye, guardian, against Lewis C. Lawson. Judgment for plaintiff, and defendant brings error. Appeal dismissed.

Lewis C. Lawson, for plaintiff in error.

McDougal, Allen & Pryor. Little & Robertson, and Grady Lewis, for defendant in error.

Opinion by JARMAN, C. On June 30 1919, L. A. Nye, a guardian of Mollie Harjo, a full-blood Creek Indian, an incompetent, entered into a written contract of employment with Lewis C. Lawson, an attorney at law, the plaintiff in error, to recover for Mollie Harjo certain lands, located in Creek county, and oil royalties therefrom, which the Prairie Oil Company and others had taken possession of and appropriated. Mollie Harjo is the mother of Sam Lucas, a duly enrolled Creek Indian, to whom the land above referred to was allotted; and Sam Lucas died, intestate and possessed of said land, on October 6, 1902. Mollie Harjo claims to be the sole heir at law of Sam Lucas, deceased, and, as such, the owner in fee simple of said land.

Said contract was approved by the county court of Okfuskee county on October 4, 1919,; and thereafter L. A. Nye, guardian, filed a petition in said county court to have the order approving said contract vacated and set aside, which the county court declined to do, and on appeal to the district court, judgment was rendered directing that the order approving said contract be vacated and set aside, from which judgment said L. C. Lawson appealed to this court.

The records of this court show that, in obedience to said contract, L. C. Lawson

filed an action in the district court of Creek county to recover the lands above referred to, and for judgment for the oil royalties collected therefrom by the Prairie Oil & Gas Company. A trial of that cause was had, resulting in a judgment for the defendants, from which the plaintiff in said cause, Luther A. Nye, guardian of Mollie Harjo, an incompetent, appealed to this court, where the cause appears under the style of Luther A. Nye, Guardian of Mollie Harjo, an Incompetent, Plaintiff in Error, against Prairie Oil & Gas Company, a Corporation, and Margaret A. Keys, Defendant in Error, No. 12413. On January 29, 1924, in an opinion written by Commissioner Estes, this court affirmed the judgment of the trial court, which held that the plaintiff had no right, title, or interest in and to the land above referred to. (105 Okla. 104, 238 Pac. 962.)

The contract involved in the instant action provides that said attorney should have and receive one-half of the land, oil royalties, etc., that might be recovered; and since it has been finally determined that the plaintiff in said cause, Mollie Harjo, was not entitled to recover anything, then this action, involving the attorney's contract, has become worthless, and the propositions presented in connection therewith for review by this court are mooted questions, and no substantial relief can be afforded by determining the same, and, therefore, under the well settled rule adopted by this court, said appeal will be dismissed.

By the Court: It is so ordered.