## FULSOM et al. v. QUAKER OIL & GAS CO. et al.

District Court, N. D. Oklahoma. October 13, 1928.

No. 319.

Lewis C. Lawson, of Holdenville, Okl., for plaintiffs.

George S. Ramsey, of Tulsa, Okl., for defendants.

KENNAMER, District Judge. This action involves the title to lands allotted to Sina Crow, deceased, member of the Creek Tribe of Indians, the plaintiffs asserting title to the lands as the only heirs. The plaintiffs seek the cancellation of a quitclaim deed purported to have been executed on the 12th day of August, 1909, by the plaintiffs conveying the lands to F. S. Lozier. This deed was approved by the county court of Creek county, Oklahoma, according to the provisions of section 9 of the Act of Congress approved May 27, 1908 (35 Stat. 315). All the defendants claim title under and through conveyances executed by the grantor, Lozier, in this deed. The bill alleges that the deed is void for the reason the same was not executed in accordance with the laws of the state of Oklahoma, and the acts of Congress restricting said lands; for the further reason that the grantee Lozier had entered into an agreement for the purchase of the lands prior to the Act of Congress approved May 27, 1908, in violation of the restrictions in the Act of Congress approved April 26, 1906 (34 Stat. 137) and that this deed was in ratification and confirmation of the prior unlawful and void agreement. Further, that Mollie Tiger and Babie Cumsey signed the deed as witnesses and not as grantors, and were induced to sign the deed by Lozier representing to them that they had no right, title, or interest in the said allotment of land, and their signature was only desired on the deed as witnesses to the deed of Fannie Fulsom. The bill in general charges that the defendants Lytle, McDougal, Bartlett, and Jones conspired and combined to cheat and defraud the plaintiffs, Mollie Tiger and Babie Cumsey, out of their interest in said land.

The defendants have filed answer to the bill of the plaintiffs, and, as part of the defense to the action, interposed the plea of res judicata. It appears from the answer that these same plaintiffs in August, 1920, filed an action in the district court of Creek county, Oklahoma, to cancel and set aside the deed executed August 12, 1909, by the plaintiffs to F. S. Lozier conveying to him the lands involved in this action. The answer of the defendants contains a complete transcript of the proceedings in the district court of Creek county, wherein the court rendered judgment in favor of the defendants. The court decreed that the deed of August 12, 1909, was executed by the plaintiffs for a valuable consideration, and had been duly executed and approved by the county court of Creek county as required by section 9 of the Act of Congress approved May 27, 1908.

One of the issues litigated in the action in the district court of Creek county was that Mollie Tiger and Babie Cumsey had signed the deed to Lozier as witnesses and not as grantors. However, in the action the title to this same allotment of Sina Crow was involved. The defendants under rule No. 29 in equity have requested a hearing on the plea of res judicata raised by their

answer, and the court having assigned the issue for hearing, the parties appeared, and on the hearing the defendants introduced in evidence certified transcript of all the proceedings had in the action in the district court of Creek county, Oklahoma.

Counsel for the plaintiffs insists that the judgment of the Creek county district court is not available to the defendants as a bar or an estoppel to the prosecution of this action for the reason that the district court of Creek county was without jurisdiction to enter a decree quieting the title of the defendants based upon a deed executed in violation of the restrictions contained in section 9 of the Act of Congress approved May 27, 1908. It is contended that the deed executed to Lozier covered restricted Indian lands and was not approved in the manner provided by law; hence such deed is a nullity, and the district court of Creek county was without jurisdiction to enter a valid judgment divesting the restricted Indian grantors of their title. This contention is made upon the authority of Tidal Oil Co. et al. v. Flanagan, 87 Okl. 231, 209 P. 729, Bilby et al. v. Malone et al., 130 Okl. 217, 266 P. 760, Goodrum v. Buffalo (C. C. A.) 162 F. 817, and other similar cases. I do not believe that these cases support the rule as broadly stated by counsel for the plaintiffs. In order to determine the established rule as to the jurisdiction of courts over actions wherein restricted Indian lands are involved, it is necessary to carefully examine the particular facts in each case.

The case of Goodrum v. Buffalo, supra, is the leading case involving the invalidity of the judgment of a court quieting title in the plaintiff to restricted Indian lands. This case involved the allotment of John Medicine, a restricted Quapaw Indian, who died in 1896, a part of whose allotment was inherited by Ollie Medicine, who executed a deed of conveyance to C. D. Goodrum subsequent to the issuance of patent. After the death of Ollie Medicine, Arthur Buffalo, a minor, by his guardian, instituted an action in ejectment, having succeeded to the title of the allotment of John Medicine by inheritance. Goodrum filed answer, which pleaded the conveyance of Ollie Medicine to him, and further pleaded that in October, 1899, there was submitted an agreed case between Ollie Medicine and C. D. Goodrum to the United States Court at Vinita, Indian Territory, which recited that said Ollie Medicine had sold to Goodrum all her right, title, and interest to the land in question; that there was then a balance of $52.25 of the purchase money due and unpaid, and because of the fact that by the patent to John Medicine, and the act of Congress under which it was issued, the lands were inalienable by the patentee for a period of 25 years. There was a question of law as to whether Ollie Medicine was competent to sell or dispose of the lands so inherited, and therefore it was submitted to the court to determine the validity of the sale to Goodrum, and whether or not he should pay to Ollie Medicine the balance of the purchase money; that under said submission the United States Court at Vinita adjudged that the sale so made by Ollie Medicine to the plaintiff in error was valid, and directed that upon payment of the balance of the purchase money she should execute to Goodrum a deed to the land, which had accordingly been done. The answer also set up title to the interest of James Medicine in the lands acquired in the same manner and under a like judgment of the United States Court at Wagoner, Indian Territory, and under a like submission on stipulation, and under a deed made by him in pursuance of the judgment therein. The Eighth Circuit Court of Appeals in an opinion by Judge Philips held these judgments of the United States District Court at Vinita and at Wagoner, rendered on the stipulations therein filed, void for the following reasons:

"(1) Because the stipulation of submission, in the affidavit thereto, omitted a material fact, which is jurisdictional in character; (2) because the stipulation and the judgment do not describe the land in suit; (3) because, as to the power of alienation of such land, the Indian allottee and his or her heir, within the limitation period of 25 years, was not a person sui juris, capable of assenting to such submission; and (4) because the United States Court in the Indian Territory, being itself a creature of Congress, with limited jurisdiction was not invested with jurisdiction to extend by mere decretal order a power of alienation over such lands denied by another Act of Congress to such Indian."

Under the laws in Arkansas in force, parties to a controversy which might be the subject of a civil action were authorized, without action, to agree upon a case containing the facts upon which the controversy arose, and by making proper affidavit submit it to a court of competent jurisdiction for determination. The court held this affidavit of the parties was jurisdictional, and for that reason the court did not ac-

quire jurisdiction over the cause, but this part of the opinion is not material on the question here under consideration. The third ground upon which the court determined the judgments to be invalid was because the Quapaw Indian restricted heir was not a person sui juris within the period of restrictions, which was held to be 25 years, and being incompetent to execute a valid conveyance as to the restricted land within the restricted period was also incompetent to enter into an agreement for submission of the right to alienate to the court. The court said, in passing upon this third ground on which the judgments were held to be invalid:

"The Indian who consented to the stipulation for submission to the judgment of the court for such purpose was not a person sui juris. The submission required, as the very basis of its recognition, the acquiescence and consent of the Indian thereto. The effect of the act of Congress, under which the patent was granted, was to deny to the Indian the exercise of any consent whereby the restriction upon the power of alienation could be removed. If the Indian could create no estoppel against himself or herself by deed of conveyance, how could he or she create an estoppel, by consenting to a judgment as the basis of an estoppel, effectual to alienate the land, in direct contravention of the act of Congress? The allottees of these lands, during the probationary period of 25 years, were under as much disability to alienate them by contract, or deed, or voluntary submission to a court, as if they had been under the disability of coverture or minority. The disability of the minor to do these things is imposed by the common law. The disability of these Indians is imposed by statute. It must, therefore, logically and necessarily follow that the record and judgment of a court, disclosing on their face that the disqualified Indian was entering into an agreement for submission of the question of his right to dispose of these lands, was in no wise different from such a proceeding participated in by a minor infant. It is a wholesome rule of law that a party may not accomplish by indirection that which he could not do directly. That which Goodrum undertook to do by stipulation with this Indian could not become the subject of a controversy to be submitted to the jurisdiction of the United States court so as to build a foundation to support the plea of res adjudicata."

It is clear, from the above quotation and

a full consideration of this opinion, that the lands were restricted for a period of 25 years without any right of the Indian allottee or heir in any manner to alienate the land within the restricted period. and it is clear that no court had the power or jurisdiction by a decree quieting title to permit the restricted Indian within this period of time to do indirectly what he was prohibited by statute from doing directly. These lands were absolutely inalienable for a period of 25 years, and the allottee and the heirs were not persons sui juris with respect to alienating such land. This case, as well as the cases of Tidal Oil Co. v. Flanagan and Bilby v. Malone, and other cases of similar import, are clearly distinguishable from the cases holding that state and federal courts have jurisdiction of bona fide actions involving the validity of conveyances of allotted and inherited lands of Indians.

The established rule in the case of Goodrum v. Buffalo, supra, and other such cases, is that the restricted Indian cannot by agreement do indirectly what he is prohibited from doing directly by statute. Such schemes will not avail the parties anything, seeking to avoid the policy of protection afforded Indians as a dependent people, but this rule was not intended to close the doors of courts of competent jurisdiction to such Indians, or parties dealing with them, to invoke their jurisdiction to redress a wrong. Minors and incompetents are non sui juris so far as making contracts are concerned, but they may invoke the jurisdiction of the courts for the protection of their property rights and judgments for or against them in a court of competent jurisdiction are conclusive of the issues litigated.

In the case of United States v. Candelaria et al., 271 U. S. 432, 46 S. Ct. 561, 70 L. Ed. 1023, it was held:

"Under the Spanish and Mexican law, Pueblo Indians, although having full title to their lands, were regarded as in a state of tutelage and could alienate their lands only under governmental supervision."

"Under territorial laws, sanctioned by Congress, a Pueblo community in New Mexico is a juristic person with capacity to sue and defend with respect to its lands."

"The question whether such a judgment disregarded an official survey of a Spanish or Mexican grant confirmed by Congress to the Indians, relates to the merits and not to the jurisdiction of the state court."

In the case of McDougal et al. v. Black Panther Oil & Gas Co. et al. (Jackson v.

402

Black Panther Oil & Gas Co., and McKinney v. Black Panther Oil & Gas Co.) 273 F. 113 (8 C. C. A.), in an opinion rendered by Judge Sanborn, it was held that federal and state courts in Oklahoma had jurisdiction in actions involving the title to restricted Indian lands to determine the title to such lands by decreeing the heirship thereto; that the Act of June 14, 1918 (U. S. Comp. St. Ann. Supp. §§ 4234a, 4234b; 25 USCA §§ 375, 355), conferring upon the probate courts of the state of Oklahoma jurisdiction to determine such heirship, did not repeal prior statutes giving the federal and state district courts jurisdiction over such actions.

■ It appears to be settled beyond controversy that in proper civil actions the federal and state courts have jurisdiction involving the title to restricted Indian lands where members of the various tribes of Indians may be parties to the action, and this is true although in an action in a state court it may be necessary for the court to construe acts of Congress, treaties with the Indian tribe, departmental leases, and conveyances of such Indians. Kohlmeyer v. Wolverine Oil Co. et al., 37 Okl. 477, 132 P. 497; Tidal Oil Co. v. Flanagan, supra; Miller et al. v. Madigan et al., 90 Okl. 17, 215 P. 742; King v. Rogers, 123 Okl. 228, 253 P. 95; Conner v. Bartlett, 111 Okl. 3, 238 P. 411; Berry v. Winstock, 102 Okl. 189, 228 P. 948.

■ Under section 6, article 2 of the Oklahoma Constitution, "the courts of justice of the state shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice." By section 2 of the Enabling Act the right was conferred upon all full blood Indians to vote and choose delegates to form a constitutional convention, and they were made eligible to serve as delegates. By section 3 of the Enabling Act it was provided that the Oklahoma Constitution "shall be republican in form, and make no distinction in civil or political rights on account of race or color, and shall not be repugnant to the Constitution of the United States and the principles of the Declaration of Independence." The Indian members of the various Indian Tribes located within the state of Oklahoma are all citizens of the state and of the United States. In the case of Felix v. Patrick (C. C.) 36 F. 457, it was held that a tribal Indian, although not a citizen of the state of Nebraska, had the right to go into the courts of the state of Nebraska and litigate his title to land.

■■ In this case it was urged that the plaintiffs seek relief upon different grounds than raised by the pleadings in the action in the district court of Creek county. While there may be some difference in the grounds of attack in the present bill from that in the complaint filed in the district court of Creek county, yet it appears that essentially the actions are the same. The purpose of the actions is to vacate and set aside the deed of August 12, 1909. The rule is that parties to a judgment are concluded thereby, not only as to every matter litigated and claim therein set forth, but as to any other matters which the plaintiffs might have set up as grounds for relief. Cromwell v. Sac County, 94 U. S. 351, 24 L. Ed. 195; Northern Pacific Ry. Co. v. Slaght, 205 U. S. 124, 27 S. Ct. 442, 51 L. Ed. 738; United States v. California & Oregon Land Co., 192 U. S. 355, 24 S. Ct. 266, 48 L. Ed. 476; Nye v. Prairie Oil & Gas Co., 105 Okl., 104, 238 P. 962; Miller v. Belvy Oil Co. (C. C. A.) 248 F. 83.

I therefore conclude that the plea of res judicata was properly sustained in this case, and that the petition for rehearing should be denied. It is so ordered.